UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ENRICO LEVY,<br><br>       Plaintiff,<br><br>   v.<br><br>WARDEN EVANS, ILLINOIS<br>DEPARTMENT OF CORRECTIONS, and<br>ROGER E. WALKER, JR.,<br><br>       Defendants. | Case No. 06-cv-723-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Enrico Levy's Motion for Reconsideration of the Court's order dismissing his case (Doc. 16). For the following reasons, the Court **DENIES** the Motion.

### BACKGROUND

Enrico Levy (Levy), an inmate in the Pinkneyville Correctional Center (Pinkneyville), brought this action for deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983 alleging that during his incarceration he was exposed to unsanitary conditions which negatively impacted his health. Levy filed grievances requesting that Pinkneyville supply him with cleaning and disinfecting materials. He had also filed grievances requesting that Pinkneyville supply him with soap and toothpaste because he was indigent. After he was supplied with soap and toothpaste, Levy filed grievances requesting additional soap and toothpaste because he had used his allotted amount and could not afford to buy more.

When his grievances for disinfectant and additional soap and toothpaste were denied, Levy filed the instant action. At first, Levy's complaint addressed only the unsanitary conditions of his cell, but later, Levy moved to amend his complaint to add exhibits in support of his claim.

The Court granted the motion  These exhibits included Levy's grievances for soap and toothpaste.

The Court conducted a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, and concluded that Levy had failed to state a claim against Defendant Evans and Defendant Walker because he made no specific allegation against either of them.  The Court further concluded that Levy was barred by the Eleventh Amendment from bringing a claim against the Illinois Department of Corrections.  Accordingly, on August 17, 2007 the Court dismissed the case.  Levy filed his Motion for Reconsideration on October 11, 2007.

## ANALYSIS

Where a substantive motion for reconsideration is filed within ten days of entry of judgment, the Court will generally construe it as a motion pursuant to Rule 59(e);  later motions will be construed as pursuant to Rule 60(b).  *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992).  Although both Rules 59(e) and 60(b) have similar goals of erasing the finality of a judgment and permitting further proceedings, Rule 59(e) generally requires a lower threshold of proof than does Rule 60(b). *See Helm v. Resolution Trust Corp*., 43 F.3d 1163, 1166 (7th Cir.1995); *see also Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir.1993) (distinguishing the "exacting standard" of Rule 60(b) from the "more liberal standard" of Rule 59(e)).

Allowing for delays in the prison mail system, the Court construes Levy's Motion, which he filed along with an affidavit as to why the Court should consider it timely, as properly brought under Rule 59(e) of the Federal Rules of Civil Procedure.  However, Levy's Motion does not meet even this less exacting standard.

Rule 59 allows the Court to amend findings of fact and conclusions of law. Fed. R. Civ. Pro. 59(a). Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006); *Divane v. Krull Elec. Co.*, 194 F.3d 845, 848 (7th Cir. 1999). Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing grounds for relief. *Harrington*, 433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)).

Levy believes that the Court misapprehended the facts because it construed his grievances about unhygienic conditions in his cell and his grievances about insufficient soap and toothpaste as part of the same complaint when, he believes, the Court should have considered them separately. However, the Court cannot see how considering the two subjects separately would make any difference to its conclusion. No matter how the Court views the allegations in Levy's complaint, Levy still has not directed any specific allegations against the two individually named defendants, and Levy is still barred by the Eleventh Amendment from bringing his claim against the Illinois Department of Corrections. Therefore, as any factual misapprehension by the

Court was immaterial to the Court's judgment, the Court **DENIES** Levy's Motion for

Reconsideration (Doc. 16)

**IT IS SO ORDERED.**
**DATED: October 19, 2007**

                                           s/ J. Phil Gilbert
                                           **J. PHIL GILBERT**
                                           **DISTRICT JUDGE**